# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Ashleigh Hoffman, *On Behalf of herself and those similarly situated,*    )<br>)<br>)<br>Plaintiff,    )<br>)<br>v.    )<br>)<br>Déjà vu Pizza LLC d/b/a Papa John's Pizza;  )<br>Northern Bay Pizza, LLC d/b/a Papa John's  )<br>Pizza; Harold Rose; Steve Ritchie; Timothy  )<br>O'Hern; Sara Lewis; Doe Corporations 1-10  )<br>John Doe 1-10    )<br>)<br>Defendants.    )<br>)    | CIVIL ACTION NO. 1:22-CV-00006-DMT<br><br><br><br><br><br>March 23, 2022 |

## MEMORANDUM IN SUPPORT OF MOTION
## TO DISMISS COMPLAINT

## **TABLE OF CONTENTS**

**Page**

I. FACTUAL AND PROCEDURAL HISTORY ...................................................................1

II. LEGAL STANDARD .........................................................................................................3

    A. Rule 12(b)(2) Standard ..............................................................................................3

    B. Rule 12(b)(6) Standard ..............................................................................................5

III. DEFENDANTS' MOTION TO DISMISS .........................................................................6

    A. Specific Jurisdiction Analysis ...................................................................................7

    B. Failure to State a Claim ............................................................................................7

IV. CONCLUSION ..................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................5

*Ashley County, Ark. v. Pfizer, Inc.*,
    552 F.3d 659 (8th Cir. 2009) ...................................................................................................5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................5, 6, 9, 10

*Benton v. Deli Mgmt.*,
    396 F. Supp. 3d 1261 (N.D. Ga. 2019) ..................................................................................11

*Blankenship v. USA Truck, Inc.*,
    601 F.3d 852 (8th Cir. 2010) ...................................................................................................5

*Bristol-Myers Squibb Co. v. Superior Court*,
    137 S. Ct. 1773 (2017) .............................................................................................................7

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) .........................................................4

*Chin v. Tile Shop, LLC*,
    57 F. Supp. 3d 1075 (D. Minn. 2014) ......................................................................................8

*Coen v. Coen*,
    509 F.3d 900 (8th Cir. 2007) ...................................................................................................4

*Creative Calling Sols., Inc. v. LF Beauty Ltd.*,
    799 F.3d 975 (8th Cir. 2015) ...................................................................................................4

*Dakota Indus., Inc. v. Dakota Sportswear, Inc.*,
    946 F.2d 1384 (8th Cir. 1991) .................................................................................................4

*Dever v. Hentzen Coatings, Inc.*,
    380 F.3d 1070 (8th Cir. 2004) .................................................................................................3

*Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd.*,
    89 F.3d 519 (8th Cir. 1996) .....................................................................................................4

*Eagle Tech. v. Expander Americas, Inc.*,
    783 F.3d 1131 (8th Cir. 2015) .................................................................................................4

*Fastpath, Inc. v. Arbela Techs. Corp.*,
    760 F.3d 816 (8th Cir. 2014) ...................................................................................................7

*Gomez v. Wells Fargo Bank, N.A.*,
    676 F.3d 655 (8th Cir. 2012) ...................................................................................................5

*Gregory v. Dillard's, Inc.*,
    565 F.3d 464 (8th Cir. 2009) .................................................................................. 6

*Hensley v. MacMillan Bloedel Containers, Inc.*,
    786 F.2d 353 (8th Cir. 1986) .................................................................................. 9

*Johnson v. Arden*,
    614 F.3d 785 (8th Cir. 2010) ............................................................................. 5, 7

*K-V Pharm. Co. v. J. Uriach & CIA, S.A.*,
    648 F.3d 588 (8th Cir. 2011) ............................................................................. 3, 5

*LePage v. Blue Cross & Blue Shield of Minn.*,
    Civ. No. 08-584 (RHK/JSM) (D. Minn. June 25, 2008) ........................................ 9

*Mut. Ins. Co. v. FedNat Holding Co.*,
    928 F.3d 718 (8th Cir. 2019) ............................................................................. 4, 7

*Myers v. Casino Queen, Inc.*,
    689 F.3d 904 (8th Cir. 2012) .................................................................................. 4

*Perrin v. Papa John's Int'l, Inc.*,
    114 F. Supp. 3d 707 (E.D. Mo. 2015) ................................................................... 11

*Schaaf v. Residential Funding Corp.*,
    517 F.3d 544 (8th Cir. 2008) ............................................................................. 6, 9

*Vallone v. CJS Sols. Grp., LLC*,
    437 F. Supp. 3d 687 (D. Minn. Feb. 5, 2020) ......................................................... 7

*Zean v. Fairview Health Servs.*,
    858 F.3d 520 (8th Cir. 2017) .................................................................................. 6

**Statutes**

29 U.S.C. § 206(a) ........................................................................................................ 9

29 U.S.C. § 216(b) ........................................................................................................ 8

WI Admin. Code 272.03 ............................................................................................. 10

WI Statute 104.02 to 104.04 ....................................................................................... 10

WI Statute 104.045 ..................................................................................................... 10

**Rules**

Fed. R. Civ. P. 12(b)(2) ................................................................................................ 3

Fed. R. Civ. P. 12(b)(6) ................................................................................. 5, 6, 7, 8

Fed. R. Civ. P. 8 ........................................................................................................... 5

Fed. R. Civ. P. 8(a)(2) .................................................................................................. 5

WI Admin. Rules 272.03(12) ...................................................................................................10

WI Admin. Rules 272.03(2) .....................................................................................................10

WI Admin. Rules 272.03(2)(b)..................................................................................................11

WI Admin. Rules 272.03(2)(f) ..................................................................................................10

WI Admin. Rules 272.03(2)(g)..................................................................................................11

**Regulations**

29 C.F.R. § 778.217...................................................................................................................11

29 C.F.R. § 778.217(c) ..............................................................................................................11

I.      **FACTUAL AND PROCEDURAL HISTORY**

[¶ 1]   On January 15, 2022, Plaintiff Ashleigh Hoffman (hereinafter "Hoffman") and filed this putative collective and class action on behalf of herself and other similarly situated individuals who have worked for Déjà Vu Pizza, LLC d/b/a Papa John's Pizza; Northern Bay Pizza, LLC d/b/a Papa John's Pizza; Harold Rose; Steve Ritchie; Timothy O'Hern; Sara Lewis; Doe Corporations 1-10; John Doe 1-10 (hereinafter collectively "Defendants").

[¶ 2]   Déjà Vu Pizza, LLC and Harold Rose were served with the initial pleadings on March 1, 2022. This motion is brought on behalf of Déjà vu Pizza, LLC, Northern Bay Pizza, LLC and Harold Rose.

[¶ 3]   Hoffman is a resident of Wisconsin, and worked for Defendants as an employee and non-commercial driver in Wisconsin from approximately February 2020 to July 2020.

[¶ 4]   Deja Vu Pizza d/b/a/ Papa John's Pizza is a North Dakota Limited Liablity Company with its principal place of business located at 3016 8th Street Northwest, Minot, North Dakota 58703. Deja Vu Pizza is owned and operated by Harold Rose. Harold Rose is a resident of the city of Minot, county of Ward, state of North Dakota.

[¶ 5]   Northern Bay Pizza, LLC was a Wisconsin Limited Liability Corporation with a principal place of business located at 213 Forest Drive, Jeffersonville, Indiana 47130

[¶ 6]   According to the Complaint, Hoffman worked "dual jobs" in which Hoffman earned different wages depending on her duties. Hoffman further alleges her and the putative class incur numerous work-related expenses, including, "depreciation, gasoline expenses, automobile maintenance and parts, insurance financing charges, licensing and registration costs, cell phone costs, GPS charge, and other equipment" for the benefit of Defendants. (Doc. ID #2, ¶ 108).

1

Hoffman alleges Defendants do not sufficiently reimburse Hoffman and the putative class and collective members on a per delivery basis.

[¶ 7]   According to the complaint, Hoffman and the putative class and collective members were not sufficiently compensated for actual delivery expenses. (Doc. ID #2, ¶ 110). The complaint asserts that Plaintiff and the putative class and collective members worked and were underpaid for hours actually worked during hours worked performing delivery driver duties because they were paid a wage that included tips resulting in hourly rates that fell below minimum wage rates as required by law. (Doc. ID #2, ¶ 157).

[¶ 8]   With respect to the collective action allegations, the complaint alleges that Defendants employ potential members of the wage class who have "all sustained similar types of damages as a result of Defendants' failure to comply with Wisconsin wage law."

[¶ 9]   The Complaint sets forth four counts, comprising ten separate counts alleging violations of state and Federal Wage-and-Hour Laws and Unjust Enrichment. (Id. ¶¶ 78-180.) Hoffman's first count is on behalf of Hoffman and the "FLSA Collective." (Doc. ID #2, ¶ 194-201). Count I alleges that Defendants violated the FLSA by failing to "properly claim a tip credit" resulting in Hoffman and the putative collective receiving a wage rate lower than Defendants promised and Defendants' willful failure to pay minimum wage.

[¶ 10]   Count II alleges that Defendants violated the Wisconsin state law by failing to compensate Plaintiffs and the Wisconsin Wage Class at or above Wisconsin minimum wage by virtue of not adequately reimbursing Hoffman for automobile and "other job-related expenses." (Doc. ID #2, ¶ 203).

[¶ 11]   Count III alleges Defendants did not timely pay Hoffman and the Wisconsin Wage Class pursuant to Wisconsin law requiring payment for wages earned within a thirty-one (31) day

2

window. Hoffman and the putative class allege Defendants acted with reckless disregard for the law and therefore entitled to a step-up in damages of fifty percent (50%).

[¶ 12] Count IV alleges Defendants have been unjustly enriched by and through the failure to pay Hoffman and the putative unjust enrichment class for use of their own vehicles. (Doc. ID #2, ¶ 214).

[¶ 13] Hoffman seeks several forms of relief, including declarations that Defendants' pay and reimbursement practices violate the FLSA and Wisconsin wage laws, reimbursement of business-related expenses, unpaid wages and liquidated damages, civil penalties, and litigation costs, expenses, and attorneys' fees. (Doc. ID #2, ¶ 217).

[¶ 14] On February 15, 2022, Hoffman filed her motion to certify the class. (Doc. ID # 5).

## II.   LEGAL STANDARD

### A.  Rule 12(b)(2) Standard

[¶ 15] To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts 'to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.' *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)) (alteration in original). Although the evidentiary standard is minimal, the "showing must be tested, not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion." *Id.* at 592 (quoting *Dever*, 380 F.3d at 1072).

[¶ 16] The plaintiff bears the burden of proof on issues of personal jurisdiction. *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (citing *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991)). The standard calls for the plaintiff

to establish jurisdiction by a preponderance of the evidence. *Id.* The court must "view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts" in favor of the plaintiff. *Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). Actions should not be dismissed for lack of jurisdiction if the evidence, viewed in the light most favorable to the plaintiff is "sufficient to support a conclusion that the exercise of personal jurisdiction over the defendant is proper." *Creative Calling Sols.*, 799 F.3d at 979.

[¶ 17]   A district court may exercise specific jurisdiction over an out-of-state defendant to the extent permitted by the applicable long-arm statute and due process. *Mut. Ins. Co. v. FedNat Holding Co.,* 928 F.3d 718, 720 (8th Cir. 2019) (citing *Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007)). A court may exercise personal jurisdiction under a theory of specific or general jurisdiction. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).

[¶ 18]   The Eighth Circuit employs "a five-factor test to determine whether asserting personal jurisdiction over a party comports with due process: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) the forum state's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Eagle Tech. v. Expander Americas, Inc.*, 783 F.3d 1131, 1136 (8th Cir. 2015) (quoting *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 911 (8th Cir. 2012)). The first three factors are primary factors, and the remaining two are secondary factors. Courts must look at all of the totality of the factors and the totality of the circumstances in deciding personal jurisdiction exists. *K-V Pharm.,* 648 F.3d at 592-93 (quoting *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010)).

B. Rule 12(b)(6) Standard

[¶ 19] In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaints must be taken as true. *Ashley County, Ark. v. Pfizer, Inc.,* 552 F.3d 659, 665 (8th Cir. 2009). Additionally, plaintiffs are afforded all reasonable inferences from those allegations when deciding a Rule 12(b)(6) motion. *Blankenship v. USA Truck, Inc.,* 601 F.3d 852, 853 (8th Cir. 2010). Properly pleaded under Federal Rule of Civil Procedure 8 claims must be able to survive a motion to dismiss under Rule 12(b)(6).

[¶ 20] Pursuant to Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim entitling pleader to the requested relief. Fed. R. Civ. P. 8(a)(2). "This short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 656 (8th Cir. 2012). The Rule 8 standard "does not require detailed factual allegations, but it does demand more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). Formulaic pleadings that merely recite the elements of a cause of action are insufficient. *Id.*

[¶ 21] The standard for evaluating a motion to dismiss is set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). When a court reviews a motion to dismiss, the complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1964-65). To avoid dismissal under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. *Twombly* requires plaintiffs to gather relevant information before

5

filing complaints, to ensure that they are not merely pleading claims based on hunches, but rather are pleading the grounds upon which the claims rest.

[¶ 22] Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While a plaintiff need not plead detailed factual allegations as to the evidence, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. Courts are not required "to divine the litigant's intent and create claims that are not clearly raised," and it need not "conjure up unpled allegations" to salvage a complaint from dismissal. *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (citations and internal quotation marks omitted).

[¶ 23] While the Court may not consider matters outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss, documents relied upon by the complaint may be included. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). Thus, while courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider matters integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned, without converting the motion into one for summary judgment. *Id.* (citations omitted).

### III.   DEFENDANTS' MOTION TO DISMISS

[¶ 24] Defendants move to dismiss (1) the claims of any putative collective plaintiffs who did not work in North Dakota for lack of personal jurisdiction (general and specific); (2) Plaintiffs' federal collective claims for failure to state a claim (as a whole and, alternatively, as to employees outside North Dakota); (3) Plaintiffs' state and federal minimum wage claims for failure to state a claim; and (4) Plaintiffs' state and federal unjust enrichment claims for failure to state a claim.

6

  A. <u>Specific Jurisdiction Analysis</u>

[¶ 25] Specific jurisdiction is proper if the subject injury giving rise to the lawsuit occurred within or had some connection to the forum state. *Johnson v. Arden*, 614 F.3d 785, 795 (8th Cir. 2010) (quotation marks omitted). Due process clause requires defendant established minimum contacts in the forum State. *Federated Mut. Ins.,* 928 F. 3d at 720 (quotations omitted). Sufficient minimum contacts requires the defendant purposely avail itself of the privilege of conducting activities within the forum state invoking the benefits and protections of its laws. *Fastpath, Inc. v. Arbela Techs. Corp.,* 760 F.3d 816, 821 (8th Cir. 2014).

[¶ 26] Constitutional limitations preclude specific jurisdiction over FLSA claims of non-resident plaintiffs with respect to work performed outside North Dakota because any collective member's claim based on work performed outside of North Dakota. *Bristol-Myers Squibb Co. v. Superior Court,* 137 S. Ct. 1773 (2017). The holding in *Bristol-Myers* extends to FLSA claims and controls the analysis of specific jurisdiction.

[¶ 27] The Eighth Circuit has not specifically addressed the impact of *Bristol-Myers* on federal class action or collective action litigation, this Circuit does have a precedent case. *See Vallone v. CJS Sols. Grp., LLC*, 437 F. Supp. 3d 687 (D. Minn. Feb. 5, 2020).

  B. <u>Failure to State a Claim</u>

[¶ 28] Hoffman's claims must be dismissed under Rule 12(b)(6). Dismissal is appropriate of for failure to state a claim as a whole and, alternatively, as to employees outside North Dakota. Hoffman's allegations for violations of the minimum wage provisions of the FLSA and Wisonsin law are bereft of any factual content allowing an inference Hoffman was actually paid less than the federal or state minimum wage in any work week.

[¶ 29] Hoffman's collective claims cannot withstand dismissal under Rule 12(b)(6). The failure is two fold. First, the definition of the Collective provides no insight on whether the proposed

collective members are similarly situated to Hoffman, thus depriving Defendants of fair notice. Second, Hoffman fails to allege facts that would permit the Court to infer that there are any similarly situated employees outside Wisconsin.

[¶ 30] Hoffman has not established a claim for relief as to the proposed collective and lacks fair notice to collective. The FLSA permits a plaintiff to bring a lawsuit against an employer on behalf of herself and other similarly situated employees. 29 U.S.C. § 216(b). This generally requires an employer's commonly applied decision, policy, or plan affects the potential class members, and inflicts a common injury. *Chin v. Tile Shop, LLC*, 57 F. Supp. 3d 1075, 1083 (D. Minn. 2014).

[¶ 31] In this case, Hoffman did not identify any dates or time periods in which she actually made below minimum wage. Further Hoffman did not identify schedules, examples, or similar allegations of other employees whose pay actually fell below the minimum wage standard. Even if each such employee is identifiable, Hoffman pleads insufficient facts in the complaint to reasonably infer that each such employee is "similarly situated" to Hoffman, and thus the collective claims do not state a plausible claim for relief. The proposed collective does not provide fair notice.

[¶ 32] Hoffman failed to plead or show she or any class member received a total weekly wage less than the minimum wage in a single workweek. (Doc. ID # 1). The minimum-wage provisions of the FLSA require an employer to pay a minimum wage of seven dollars and twenty-five cents ($7.25) per hour to its employees who in any work week are "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). A plaintiff "must demonstrate that [s]he was engaged in compensable activity within the meaning of the statute and that the wages received for that activity, if any, were below the statutory minimum wage." *LePage v. Blue Cross & Blue Shield of Minn.*, Civ. No. 08-584 (RHK/JSM) (D. Minn. June 25, 2008) (quoting *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 355 (8th Cir. 1986)).

[¶ 33] Hoffman failed to allege her base pay and tips did not meet or exceed the statutory minimum wage for a pay period. Hoffman did not plead any facts regarding the amount of tips she earned per hour, delivery, or week. (Doc. ID #1). Hoffman claims Defendants are relying on a tip credit, which they are allegedly not entitled to use due to their failure to comply with the FLSA's requirements for tipped employees. (Doc. ID #1). An employer does not violate FLSA's minimum wage provisions if the "total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement." *Hensley*, 786 F.2d at 357 (citation omitted).

[¶ 34] In this case, Hoffman failed to identify her or other employees' hourly pay rates or any facts that would permit the Court to infer any party or potential party was actually paid less than the minimum wage required under the FLSA in any workweek. Hoffman has alleged Defendants failed to properly claim a "tip credit from the wages of Plaintiff and the FLSA collective because Plaintiff and the FLSA collective were paid a wage rate lower than Defendants informed them that they would be paid." (Doc. ID #1, ¶ 198). This conclusory pleading is not sufficient under *Twombly*. See *Schaaf*, 517 F.3d at 549 (explaining that a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level') (citing *Twombly*, 127 S. Ct. at 1964-65 & n.3).

[¶ 35] In her complaint, Hoffman admits she did receive minimum wage or above minimum wage for "all hours worked." (Doc. ID #1, ¶ 196). Under *Twombly*, pleadings are not aspirational. Hoffman cannot simply hope discovery will uncover facts indicating Defendants violated the minimum-wage provisions of the FLSA. Plaintiffs are required to plead facts that establish a violation of the minimum-wage provisions of the FLSA. Hoffman has not done that here;

9

accordingly, she have failed to state a claim for violation of the FLSA's minimum-wage provisions.

[¶ 36]  The minimum-wage provisions of Wisconsin statutes requires an employer to pay its employees $7.25 per hour. WI Statute 104.02 to 104.04; WI Admin. Code 272.03 Wisconsin's minimum wage for tipped employees is $2.33, except for opportunity employees (trainees) who may be paid $2.13. WI Statute 104.045; WI Admin. Rules 272.03(2).

[¶ 37]  Employers may pay only the tipped minimum wage to tipped employees. A tipped employee is an employee who is engaged in an occupation in which he or she customarily and regularly receives tips from customers. WI Admin. Rules 272.03(12). Employees customarily and regularly receive tips if they receive them more often than occasionally, but may be less than constant. Employees working in occupations where it is known that they consistently and regularly receive tips qualify as tipped employees. Wisconsin law includes occupations such as waiters, waitresses, bellhops, drivers, barbers, or beauty operators in the definition of tipped employees. WI Admin. Rules 272.03(2)(f)

[¶ 38]  If an employer pays an employee the statutory tipped minimum wage, the employer must ensure the tipped employees receive at least the standard minimum wage when tipped wages earned are combined with actual tips received. If the tipped employee has not earned at least the standard minimum wage when tipped wages earned are combined with tips received, the employer must pay the difference. The difference between the tipped minimum wage and the standard minimum wage is referred to as a "tip credit." WI Admin. Rules 272.03(2)(b), (g).

[¶ 39]  Defendants are not required to reimburse at the IRS rate or reimburse actual expenses so long as Defendants reasonably approximate the expenses associated with employees' business use of their personal vehicles, adequately reimburse them and pay the employees above minimum

wage on a weekly basis. *Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 721 (E.D. Mo. 2015) (citing 29 C.F.R. § 778.217). Hoffman failed to demonstrate any failure on behalf of Defendants to properly reimburse delivery drivers other than conclusory allegations and a slim hypothetical example.

[¶ 40] Hoffman provided no calculations for her actual vehicle expenses establishing her pay ever dropped below the minimum wage. (Doc. ID #1). Neither FLSA or its companion Wisconson state regulations requires proof of actual expenses in order for employers to be complaint. The regulations suggest the opposite by their allowance for employers to pay employees a "reasonable estimate" of the employee's expenses to avoid FLSA liability. *Benton v. Deli Mgmt.,* 396 F. Supp. 3d 1261, 1275 (N.D. Ga. 2019) (citing 29 C.F.R. § 778.217(c)).

[¶ 41] In this case, the reimbursement rate of $1.25 per delivery when combined with the tips collected and tipped minimum wage Hoffman did not experience a single week of earning less than minimum wage. Hoffman's omission of this fact from her complaint is telling, as the complaint employs boiler plate language from similar suits that expresses generalizations rather than specifics about Hoffman's actual employment and income.

[¶ 42] Hoffman has not pleaded any specific day, week, or pay period in which she did not actually earn at or above minimum wage. Drawing all reasonable inferences in favor of the Hoffman, she has alleged insufficient facts to allow a reasonable inference that Defendants paid her less than minimum wage per hour by undercompensating her for his vehicle expenses, and that this deficiency was not offset by additional compensation so as to overcome the deficiency even if calculated over the course of a week.

## IV.    CONCLUSION

[¶ 43]   Defendants request all of Hoffman's counts both individually and on behalf of the putative collective in all things be dismissed.

RESPECTFULLY SUBMITTED,

Donald G. Derrico (*pro hac vice forthcoming*)
Gordon Rees Scully Mansukhani, LLP
500 Mamaroneck Ave, Suite 503
Harrison, NY 10528
Telephone No.: (914) 777-2225
DDerrico@grsm.com

Peter G. Siachos (*pro hac vice forthcoming*)
Gordon Rees Scully Mansukhani, LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Telephone No.: (973)-549-2532
Psiachos@grsm.com

By: /s/ Erin M. Conroy
Erin M. Conroy
Gordon Rees Scully Mansukhani, LLP
3523 45th Street South, Suite 100
Fargo, ND 58104
Telephone No.: (505) 998-9008
Econroy@grsm.com
