UNITED STATES DISTRICT COURT
DISTRICT COURT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| ASHLEIGH HOFFMAN, On behalf of herself and those similarly situated, | | PLAINTIFF |
| v. | | Case No. 1:22-cv-00006-DMT-CRH |
| DÉJÀ VU PIZZA, LLC d/b/a PAPA JOHN'S PIZZA; NORTHERN BAY PIZZA, LLC d/b/a PAPA JOHN'S PIZZA; HAROLD ROSE; STEVE RITCHIE; TIMOTHY O'HERN; SARA LEWIS; DOE CORPORATIONS 1-10; JOHN DOE 1-10 | | DEFENDANTS |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**I. INTRODUCTION AND SUMMARY OF GROUNDS**

Plaintiff asserts putative collective action claims under the Fair Labor Standards Act ("FLSA") and putative class action claims under Wisconsin law for alleged failures by defendants to pay minimum wage to pizza delivery drivers in North Dakota and Wisconsin. Defendants Northern Bay Pizza, LLC d/b/a Papa John's Pizza, Steve Ritchie, Timothy O'Hern and Sara Lewis (collectively, the "Northern Bay Defendants") have moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) on grounds that (1) the Court lacks personal jurisdiction over the Northern Bay Defendants and (2) the Court cannot exercise jurisdiction over plaintiff's individual and collective action FLSA claims that are not connected to the forum state of North Dakota.

First, the Court lacks personal jurisdiction over the Northern Bay Defendants as to any of plaintiff's claims. The Northern Bay Defendants do not have sufficient "minimum contacts" with North Dakota that would permit them "to reasonably anticipate being haled into court there." *Jacam Chemical Company 2013, LLC v. Shepard*, 1:19-CV-093, 2020 WL 9171204, at *4 (D.N.D. Nov. 16, 2020) (citing *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 648 (8th Cir. 2003)). The

Complaint does not allege any basis for personal jurisdiction over the Northern Bay Defendants. Moreover, plaintiff's allegations made "upon information and belief" that the Northern Bay Defendants "owned five Papa John's Pizza Stores in North Dakota" are demonstrably false and inadequately pled. The Northern Bay Defendants never owned or operated any stores in North Dakota and have no contacts with North Dakota sufficient to support exercise of personal jurisdiction over them by this Court.

Second, as recent Eighth Circuit authority makes clear, this Court cannot exercise jurisdiction over FLSA claims of plaintiff or any opt-in plaintiffs against the Northern Bay Defendants because those claims do not arise from or relate to any contacts with North Dakota and are not based on activities or occurrences that took place in North Dakota. *Vallone v. CJS Sols. Group, LLC*, 9 F.4th 861, 865 (8th Cir. 2021). In the Complaint, however, plaintiff alleges that she is a resident of Wisconsin whose personal claims arise from and relate to her work in Wisconsin. Plaintiff also seeks certification of a nationwide collective action for purposes of FLSA claims of potential opt-in plaintiffs that are wholly unrelated to North Dakota. But even if this Court has jurisdiction to entertain any claims with connections to North Dakota, that does not provide jurisdiction to hear other claims with no such connections. *Id.* at 866.

Accordingly, and for reasons set forth in greater detail below, this Court cannot exercise personal jurisdiction over the Northern Bay Defendants as to any of plaintiff's claims. Moreover, this Court cannot exercise jurisdiction over the individual or collective action FLSA claims of plaintiff, or of any opt-in plaintiffs, that have no connection to North Dakota. The Court should therefore grant this motion and dismiss all plaintiff's claims against the Northern Bay Defendants.

## II. RELEVANT ALLEGATIONS & FACTS

Plaintiff's Complaint seeks monetary and other relief for an alleged "willful failure to compensate Plaintiff and similarly-situated individuals with minimum wages as required by the FLSA, 29 U.S.C. §201, *et seq.*, Wisconsin wage and hour laws, and for unjust enrichment." (Complaint, Doc. 1, at ¶ 1). Plaintiff "is a resident of Wisconsin" who alleges that she was an "employee" of all defendants as defined in the FLSA and Wisconsin wage and hour laws. *Id.* at ¶ 11.

The Complaint contains a section titled "Jurisdiction and Venue," but does not plead any facts or basis for this Court's exercise of personal jurisdiction over the Northern Bay Defendants or any defendants on claims that do not arise from or relate to activities outside North Dakota. (Complaint, Doc. 1, at ¶¶ 8-10).[1]

The Complaint alleges, "upon information and belief," that "Northern Bay Pizza, LLC owned five Papa John's Pizza Stores in North Dakota and four Papa John's Pizza Stores in Wisconsin until February 2020" when it sold them to defendants Déjà vu Pizza, LLC, and Harold Rose (collectively "the Successors") in February 2020. (Complaint, Doc. 1, ¶¶ 27-8). This allegation is false. Northern Bay Pizza, LLC never owned any Papa John's Pizza Stores in North Dakota. It owned nine stores, all in Wisconsin, which it sold to defendant Déjà vu Pizza, LLC in a transaction that closed on January 27, 2020. *See* Declarations of Timothy O'Hern, Steve Ritchie, and Sara Lewis, attached as Exhibits A, B, and C, respectively, hereto, at ¶¶ 4, 5 (hereafter,

---

[1] The Complaint alleges that venue in this district is proper under 28 U.S.C. § 1391(b)(3) because Defendant Déjà vu Pizza, LLC resides in this district. (Complaint, Doc. 1, at ¶ 10). However, § 1391(b)(3) may only be employed if a party is unable to satisfy venue requirements under either § 1391(b)(1) or (b)(2). Here, based on the allegations of the Complaint, § 1391(b)(1) is satisfied so plaintiff's venue allegation is also improper.

"Declarations at ¶ ___"). Northern Bay Pizza dissolved under Wisconsin law shortly after that transaction closed. *See id.* at ¶ 6, 7.

The Complaint does not allege any particular or specific activities in or contacts with North Dakota by or from Northern Bay Pizza, LLC, or its stores in Wisconsin. The Complaint also does not allege any particular or specific activities in or contacts with North Dakota by the individual Northern Bay Defendants Ritchie, O'Hern, and Lewis who were the members of Northern Bay Pizza, LLC. Instead, the Complaint contains only general allegations that make no reference to any state, but that are apparently intended to subject the individual Northern Bay Defendants to personal liability as "employers" under the FLSA and Wisconsin law. (Complaint, Doc. 1, at ¶¶ 50-91). These allegations are also false, but even if they are presumed true, none of them constitute contact by the individual Northern Bay Defendants with North Dakota because Northern Bay Pizza, LLC did not have any stores in North Dakota. *See* Declarations, at ¶¶ 8, 9.

### III. APPLICABLE LAW

**A. The Fair Labor Standards Act.**

The FLSA creates a federal minimum wage and overtime compensation requirements. Among other things, it authorizes employees to sue "in any Federal or State court of competent jurisdiction" on "behalf of ... themselves and other employees similarly situated." 29 U.S.C. § 216(b). Thus, "similarly situated" employees may join a collective action by filing a "consent in writing," after which they become "party plaintiff[s]." *Id.* Once they file a written consent, opt-in plaintiffs enjoy party status as if they had initiated the action. The FLSA provides that each similarly situated employee who opts in is an "individual claimant," whose action is "commenced" on the day the written consent is filed. *See id.* § 256. The FLSA does not contain a nationwide service of process provision. Accordingly, under Federal Rule of Civil Procedure 4(k),

which governs the "territorial limits of effective service," the question here is whether the Northern Bay defendants are "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located," *i.e.*, North Dakota.

### B. Personal Jurisdiction Generally.

Plaintiff carries the burden of proof in establishing personal jurisdiction over the Northern Bay Defendants, and that burden does not shift to the Northern Bay Defendants. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). Plaintiff must establish a *prima facie* showing of personal jurisdiction over the Northern Bay Defendants analyzed "not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Dever v. Henein Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004); *Epps*, 327 F.3d at 647.

This Court may properly exercise personal jurisdiction over the Northern Bay Defendants only if a two-step inquiry is satisfied. First, the Northern Bay Defendants must be amenable to service of process under the North Dakota long-arm statute. *Jacam Chemical Company 2013, LLC*, 2020 WL 9171204, at *3–4 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Second, each of the Northern Bay Defendants must have engaged in activities which satisfy the minimum contacts with North Dakota requirement of the Due Process Clause. *Id*.

As this Court recently explained:

> The jurisdiction of North Dakota courts is governed by the North Dakota long-arm statute set forth in Rule 4(b)(2) of the North Dakota Rules of Civil Procedure. The North Dakota Supreme Court has held that Rule 4(b)(2) "authorizes North Dakota courts to exercise personal jurisdiction over nonresident defendants to the fullest extent permitted by due process ...." *Hansen v. Scott*, 2002 ND 101, ¶ 16, 645 N.W.2d 223 (citations omitted). The Eighth Circuit Court of Appeals has held that when a state construes its long-arm statute to grant jurisdiction to the fullest extent permitted by the Constitution, the two-step test collapses into a single question of whether the exercise of personal jurisdiction comports with due process. *Oriental Trading Co, Inc. v. Firetti*, 236 F.3d 938, 943 (8th Cir. 2001); *see Hansen v. Scott*, 2002 ND 101, ¶ 23, 645 N.W.2d 223.

*Wood v. City of Bismarck*, 1:21-CV-63, 2021 WL 5183860, at *10 (D.N.D. Oct. 15, 2021) (Traynor, J.).

The Eighth Circuit Court has explained how the Court must determine whether the exercise of personal jurisdiction comports with due process:

> Due process requires that there be sufficient "minimum contacts" between the nonresident defendant and the forum state such that the "maintenance of the suit does not offend the traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980). Sufficient minimum contacts exist when the "defendant's conduct and connection with the forum state are such that he or she should reasonably anticipate being haled into court there." Id. at 297. In assessing the defendant's reasonable anticipation, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denkla*, 357 U.S. 235, 253 (1958). The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or a third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citations omitted). "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* [sic] that create a 'substantial connection' with the forum State." *Id.* (emphasis in original).

*Wood*, 2021 WL 5183860, at *10–11 (citing *Stanton v. St. Jude Medical, Inc.*, 340 F.3d 690, 693 (8th Cir. 2003)).

There are two categories of minimum contacts with a state that may subject a defendant to jurisdiction in that forum - general and specific. General jurisdiction can exist over "a defendant who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum." *Dever*, 380 F.3d at 1073 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984)). Specific jurisdiction can exist when the suit arises out of, or is related to, the defendant's contacts with the forum state. *Wood*, 2021 WL 5183860, at *11 (citing *Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006)).

The Eighth Circuit has established a five-factor test for measuring minimum contacts for purposes of asserting personal jurisdiction over a defendant: (1) the nature and quality of a defendant's contacts with a forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Dever*, 380 F.3d at 1073-74.

In determining whether a defendant has sufficient contacts with the forum state to exercise personal jurisdiction, the court must consider all the contacts in the aggregate and examine the totality of the circumstances. *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1388 (8th Cir. 1995). However, the Eighth Circuit directs courts to give "significant weight" to the first three factors. *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004). The Eighth Circuit's five-part test thus essentially "blends" the tests for general and specific jurisdiction. *See Northrup King Co.*, 51 F.3d at 1388.

### C.  Personal & Claim Jurisdiction in FLSA Cases Specifically.

The Eighth Circuit recognizes another layer of jurisdictional analysis applicable to FLSA cases like this one involving alleged violations in multiple states and seeking certification of a nationwide collective action. (Complaint, Doc. 1, at ¶ 158). It limits the Court's jurisdiction over FLSA collective action claims to those by plaintiffs and opt-in plaintiffs who either reside in the forum state or whose individual claims arise from or are connected to the forum state. Thus, the Court here does not have jurisdiction over FLSA claims of plaintiffs or opt-in plaintiffs who reside outside North Dakota or whose claims are based on activities or occurrences outside North Dakota. *Vallone,* 9 F.4th at 865-66.

In *Vallone*, plaintiffs Vallone and Ikogor, residents of Florida, sued a Florida entity, HCI, alleging FLSA wage violations for time spent traveling to and from certain events in Minnesota.

7

Plaintiffs moved to certify a nationwide FLSA collective action for HCI employees who traveled to any HCI events anywhere in the country. The district court held that it lacked personal jurisdiction over claims with no connection to Minnesota and limited the action to employees who engaged in out-of-town travel to or from Minnesota for HCI events or who resided in Minnesota. *Id.* at 864. The Eighth Circuit affirmed. Its analysis is set forth in the following paragraphs of its opinion, which merit quoting in full:

> Vallone and Ikogor next argue that the court erred in concluding that non-Minnesota residents of the collective action could not also recover compensation for their non-Minnesota travel time. They do not dispute that the district court must have personal jurisdiction over all claims in a collective action, Appellants' Br. 21 n.6, so we take that proposition as a given, and consider only whether the district court had personal jurisdiction over the claims at issue.
>
> The Fair Labor Standards Act does not provide for nationwide service of process, so we first look to the forum State's long-arm statute. Fed. R. Civ. P. 4(k)(1)(A); *see Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 108, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). Minnesota's long-arm statute extends jurisdiction as far as permitted by the Due Process Clause. *See* Minn. Stat. § 543.19; *Pederson v. Frost*, 951 F.3d 977, 980 (8th Cir. 2020). HCI is a Florida company headquartered in Florida, so the court could exercise jurisdiction only if there was "a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, —— U.S. ——, 137 S. Ct. 1773, 1781, 198 L.Ed.2d 395 (2017). To justify an exercise of personal jurisdiction, the claims must "arise out of or relate to the defendant's contacts with the forum," and there must be an "activity or an occurrence that takes place in the forum State." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, —— U.S. ——, 141 S. Ct. 1017, 1025-26, 209 L.Ed.2d 225 (2021) (internal quotations and emphasis omitted).
>
> Vallone and Ikogor assert that because the court had personal jurisdiction over one set of claims that arose based on travel to Minnesota, the court could exercise jurisdiction over *all* travel-time claims against HCI. Each failure to pay wages, however, is a separate violation that gives rise to a distinct claim. *See Stone v. Troy Constr., LLC*, 935 F.3d 141, 154 (3d Cir. 2019). Personal jurisdiction must be determined on a claim-by-claim basis. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274-75 (5th Cir. 2006); *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 289 (1st Cir. 1999). "In order for a court to exercise specific jurisdiction *over a claim*," there must be an "affiliation between the forum and the underlying controversy"—"unconnected activities" do not establish jurisdiction. *Bristol-Myers Squibb*, 137 S. Ct. at 1781 (emphasis added) (internal quotation omitted).

8

> The appellants rely on *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984), where the Court held that a district court could entertain a request for nationwide damages in a libel case where personal jurisdiction over the defendant was premised on the defendant's circulation of a magazine in the forum State. *Id.* at 781, 104 S.Ct. 1473. But *Keeton* "concerned jurisdiction to determine *the scope of a claim* involving in-state injury and injury to residents of the State, not, as in this case, jurisdiction to entertain claims involving no in-state injury and no injury to residents of the forum State." *Bristol-Myers Squibb*, 137 S. Ct. at 1782. *Keeton* does not mean that jurisdiction to entertain a claim with connections to Minnesota establishes jurisdiction to hear another claim with no such connection. The court properly excluded claims with no connection to Minnesota.

*Vallone*, 9 F.4th at 865–66 (8th Cir. 2021) (emphasis in original).

The Sixth Circuit and district courts in the Seventh and Tenth Circuits have, like *Vallone*, held that Federal Rule of Civil Procedure 4 and principles of due process do not permit district courts to exercise personal jurisdiction against a nonresident employer with respect to claims of nonresident employees. *See Canaday v. Anthem Cos., Inc.*, 9 F.4th 392 (6th Cir. 2021), *Parker v. IAS Logistics DFW, LLC*, 20 C 5103, 2021 WL 4125106, at *3 (N.D. Ill. Sept. 9, 2021); *Bone v. XTO Energy, Inc.*, 2:20-CV-00697 WJ/GJF, 2021 WL 4307130 (D.N.M. Sept. 22, 2021); *but see Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84 (1st Cir. 2022).

### IV. ARGUMENT

#### A.  This Court Lacks Personal Jurisdiction Over the Northern Bay Defendants.

Plaintiff has not met, and cannot meet, her burden of proof in establishing personal jurisdiction over the Northern Bay Defendants. Her Complaint does not plead any facts or basis for this Court's exercise of personal jurisdiction over the Northern Bay Defendants. The Complaint's sole allegation remotely related to personal jurisdiction is one made "upon information and belief" that "Northern Bay Pizza, LLC owned five Papa John's Pizza Stores in North Dakota …." That "information and belief" allegation is, as an initial matter, an inadequate

9

and impermissibly speculative pleading under Fed.R.Civ.P. 8 and applicable case law. *Montero v. Bank of Am., N.A.*, No. 13-CV-850, 2014 WL 562506, at *4 (D. Minn. Feb. 13, 2014) ("Conclusory allegations that lack factual support and are based solely on 'information and belief' do not satisfy the federal pleading standards.")  (citing *Cheng Lee v. Fed. Nat'l Mortg. Ass'n,* No. 13-2460, 2014 WL 503168, at *2 (8th Cir. Feb. 10, 2014) (unpublished).

That solitary allegation is, moreover, flatly and demonstrably false, as shown by the Declarations, which the Court can consider in ruling on this jurisdictional motion. *Dever*, 380 F.3d at 1072; *Epps*, 327 F.3d at 647. Northern Bay Pizza, LLC did not own or operate *any* stores in North Dakota. Aside from that baseless allegation the Complaint does not allege any particular or specific activities in or contacts with North Dakota by or from Northern Bay Pizza, LLC, or the individual Northern Bay Defendants Ritchie, O'Hern, and Lewis who were the members of Northern Bay Pizza, LLC. Indeed, there were no such activities or contacts. *See* Declarations, at ¶¶ 8-14.

Thus, plaintiff does not, and cannot, plead or show any of the necessary factors for this Court to exercise either general or specific personal jurisdiction over any of the Northern Bay Defendants. The Northern Bay Defendants had no contacts with North Dakota of any nature, quality, or quantity. *Dever*, 380 F.3d at 1073-74. This cause of action does not, and cannot, relate to contacts with North Dakota that do not exist. North Dakota has no interest in providing a forum to a non-resident against non-residents with no contacts. There is no convenience for the parties under the circumstances. Accordingly, the Court should grant the motion and dismiss all plaintiff's claims against the Northern Bay Defendants in this action.

### B. This Court Also Lacks Jurisdiction Over FLSA Claims Not Connected to North Dakota.

Under the Eighth Circuit's recent *Vallone* decision this Court must also dismiss plaintiff's individual and collective action FLSA claims against the Northern Bay Defendants because those claims are not connected to any conduct in North Dakota. Relying on the U.S. Supreme Court's holding in *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, ___ U.S. ___, 137 S. Ct. 1773, 1781, 198 L.Ed.2d 395 (2017), the Eighth Circuit in *Vallone* affirmed a Minnesota district court's dismissal on summary judgment of plaintiff's collective action FLSA claims that were not connected to the forum state of Minnesota.

In *Bristol-Myers*, the Supreme Court held that the Due Process Clause of the Fourteenth Amendment prohibited state courts from exercising personal jurisdiction over claims of nonresident plaintiffs in a mass tort action, where those claims had no connection to the forum state other than the fact that the forum state plaintiffs alleged the same injuries. Thus, unless nonresident plaintiffs could demonstrate that their claims arose out of the defendant's contacts with the forum state, personal jurisdiction over the defendant did not exist.

*Vallone* applied the principles of *Bristol-Myers* to FLSA collective actions like this one under federal law. "In order for a court to exercise specific jurisdiction *over a claim*," there must be an "affiliation between the forum and the underlying controversy"—"unconnected activities" do not establish jurisdiction. *Vallone*, 9 F.4th at 865 (emphasis in original) (quoting *Bristol-Myers Squibb*, 137 S. Ct. at 1781) (internal quotation omitted)). The Eighth Circuit acknowledged that the Minnesota district court had jurisdiction over claims that were connected to Minnesota. However, that did not "mean that jurisdiction to entertain a claim with connection to Minnesota establishes jurisdiction to hear another claim with no such connection." The appellate court

11

therefore held that the district court "properly excluded claims with no connection to Minnesota." *Vallone*, 9 F.4th at 865–66 (8th Cir. 2021).

As applied here, the *Vallone* holding compels dismissal of plaintiff's individual and collective action FLSA claims that do not "arise out of or relate to the defendant's contacts with" North Dakota. *All* plaintiff's FLSA claims against the Northern Bay Defendants fall into that category because the Northern Bay Defendants did not have stores or otherwise operate in North Dakota. *See* Declarations at ¶¶ 8, 9. Thus, plaintiffs from Wisconsin, like the named plaintiff, or from other states, cannot maintain FLSA claims against the Northern Bay Defendants in North Dakota. And if there is no jurisdiction in this Court for plaintiff's individual or collective action federal FLSA claims, there is no supplemental jurisdiction over plaintiff's Wisconsin law claims against the Northern Bay Defendants.

## V. CONCLUSION

For the reasons set forth above, the Court should grant the Northern Bay Defendants' motion and dismiss all claims against them in this action on the grounds that (1) the Court lacks personal jurisdiction over the Northern Bay Defendants and (2) the Court lacks jurisdiction over plaintiff's individual and collective action claims against the Northern Bay Defendants that are not connected to North Dakota.

Dated this 18th day of April, 2022.

       /s/ Benjamin J. Sand
Amy M. Oster (#06593)
aoster@crowleyfleck.com
Benjamin Sand (#07891)
bsand@crowleyfleck.com

CROWLEY FLECK PLLP
100 West Broadway Ave., Suite 250
P.O. Box 2798
Bismarck, North Dakota 58502-2798
Phone: (701) 223-6585
Fax: (701) 222-4853

    and

FULTZ MADDOX DICKENS PLC
Benjamin C. Fultz (*admission pro hac vice pending*)
101 S. Fifth Street, 27th Floor
Louisville, Kentucky 40202-3116
(502) 588-2000
bfultz@fmdlegal.com
jddyche@fmdlegal.com

*Counsel for Defendants, Northern Bay Pizza, LLC d/b/a Papa John's Pizza, Steve Ritchie, Timothy O'Hern and Sara Lewis*