IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Ashleigh Hoffman, individually and on behalf of those similarly situated,<br><br>　　　　　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Déjà vu Pizza, LLC, d/b/a Papa John's Pizza, Harold Rose, Doe Corporations 1-10, and John Doe 1-10,<br><br>　　　　　　　　　　　　　　　　Defendants. | Civil No.: 1:22-CV-00006 |

### ORDER DENYING MOTION TO CERTIFY CLASS

[¶1]　THIS MATTER comes before the Court upon a Motion To Certify Class For Conditional Certification filed by Plaintiff Ashleigh Hoffman ("Hoffman") on February 16, 2022. Doc. No. 5. To date, no Response or Reply has been filed. For the reasons set forth below, Plaintiff's Motion to Certify Class For Conditional Certification is **DENIED**.

### BACKGROUND

[¶2]　On January 14, 2022, Hoffman filed a Complaint against the Defendants. Doc. No. 1. Hoffman notes the Defendants are current or former owners or operators of multiple Papa John's locations in North Dakota and Wisconsin.  Hoffman states she was an employee of the Defendants and seeks to represent the delivery drivers who have worked at Defendants' stores. Hoffman alleges she, and other workers like her, were not adequately reimbursed as delivery drivers for their delivery-related expenses. On this basis, she alleges the Defendants failed to pay delivery drivers the mandated minimum wage as required by the Fair Labor Standards Act ("FLSA"). Id. Specifically, delivery drivers are required to provide cars, which the drivers are required to

1

maintain and pay for operable, safe, and legally compliant automobiles. Hoffman alleges the Defendants require delivery drivers to incur or pay job-related expenses such as automobile costs and depreciation, gasoline, automobile maintenance, cellphone costs, GPS charges, and other equipment necessary to complete their job. According to Hoffman, the Defendants pay delivery drivers a per-delivery reimbursement payment that is less than the IRS standard business mileage rate.

## DISCUSSION AND ANALYSIS

[¶3] Under the FLSA, employees can bring a "collective action" to recover for violations of the FLSA that have harmed not only themselves, but also "other employees similarly situated." 29 U.S.C. § 216(b). FLSA collective actions use an opt-in procedure, which limits party plaintiffs to those employees who give "consent in writing to become such a party" and file that consent with the Court. Id. This opt-in procedure distinguishes collective actions from class actions under Fed.R.Civ.P. 23, where a party would need to "opt-out" of the proceeding. Davis v. NovaStar Mortg., Inc., 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005).

[¶4] When seeking to certify an FLSA collective action, courts typically proceed in two stages: first, conditional certification or notice and, second, final certification or decertification. See Tegtmeier v. PJ Iowa, L.C., 208 F.Supp.3d 1012, 1018-19 (S.D. Iowa 2016); Bouaphakeo v. Tyson Foods, Inc., 564 F.Supp.2d 870, 891 (N.D. Iowa 2008) ("The two-step approach to collective action certification distinguishes between conditional class certification, generally made at the 'notice stage,' and a final class certification determination made after discovery is largely completed."). The burden is on the Plaintiff in both stages to establish that members are "similarly situated." Bouaphekeo, 564 F.Supp.2d at 891-92.

> Applying the two-part test, the Court first uses a lenient standard to determine whether similarly situated persons exist, and if appropriate, the class is

> conditionally certified. The second step occurs after notice, time for opting-in, and discovery have taken place. Applying a stricter standard, the Court makes a factual determination on the similarly situated question. The second inquiry is usually conducted upon a defendant's motion for decertification.

Freeman v. Wal–Mart Stores, Inc., 256 F.Supp.2d 941, 944-45 (W.D. Ark. 2003) (internal citations omitted).

[¶5]   "Courts have discretion, in 'appropriate cases,' to facilitate the opt-in process by conditionally certifying a class and authorizing court-supervised notice to potential opt-in plaintiffs." Saleen v. Waste Mgmt., Inc., 649 F. Supp. 2d 937, 939 (D. Minn. 2009). In this case, Plaintiff seeks conditional certification of a class: "All current and former delivery drivers employed at Defendants' Papa John's stores between the date three years prior to filing of the original complaint and the date of the Court's Order approving notice." Doc. No. 5. At this stage, the Plaintiff must demonstrate she is "similarly situated" to the proposed members of the collective.

[¶6]   Plaintiff must provide "some factual basis from which the court can determine if similarly situated potential plaintiffs exist," that are "more than mere allegations." Robinson v. Tyson Foods, Inc., 254 F.R.D.97, 99 (S.D. Iowa 2008). "Plaintiffs may be similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." Bouaphakeo v. Tyson Foods, Inc., 765 F.3d 791, 796 (8th Cir. 2014)(internal citations omitted); (This is met by showing "the putative class members were the victims of a single decision, policy, or plan.") Smith v. Heartland Auto. Servs., Inc., 404 F.Supp.2d 1144, 1149 (D. Minn. 2005); Burch v. Qwest Commc'ns Int'l, Inc., 500 F.Supp.2d 1181, 1186 (D. Minn. 2007).

[¶7]   The Court does not need to "make any credibility determinations with respect to the evidence presented," but "some identifiable facts or legal nexus must bind the claims so that

hearing the cases together promotes judicial efficiency." Tegtmeier v. PJ Iowa, L.C., 208 F.Supp.3d 1012, 1019 (S.D. Iowa 2016). "A court may consider (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." Bouaphakeo, 765 F.3d at 796. (internal citations omitted). "[T]he question of whether to certify a[n] FLSA collective action lies with the discretion of the district court, and the Court may also vary from the above analysis at its discretion." Id.

[¶8] Plaintiff argues the potential plaintiffs are all similarly situated because they were delivery drivers who worked for the Defendants. Plaintiff alleges (1) they were paid at or close to minimum wage, (2) they provided cars for use at work, (3) the Defendants did not keep track of automobile-related expenses, and (4) the Defendants did not reimburse the delivery drivers at the IRS standard mileage rate. Doc. No. 5.

[¶9] "[An] FLSA plaintiff is not entitled to conditional certification simply to seek out others who might wish to join the action." Chin v. Tile Shop, LLC, 57 F. Supp.3d 1075, 1090 (D. Minn. 2014). However, as Chin and other cases have pointed out, "district courts within the Eighth Circuit differ as to whether and by what means a plaintiff must demonstrate interest in the proposed collective action." Id. The District of North Dakota has previously noted "the Court must be satisfied that there are other employees who desire to opt in." Hamilton v. Capex Oilfield Servs., Inc., No. 1:16-CV-063, 2016 WL 9506025, at *3 (D.N.D. Oct. 24, 2016) (citing Lyons v. Ameriprise Financial, Inc., 2010 WL 3733565, *4 (D. Minn. Sept. 20, 2010)). In Hamilton, two other potential plaintiffs had stepped forward and "more [were] expected if given notice." Id. Here, there have not been any individuals who have stepped forward other than the Plaintiff. Hoffman generally alleges there were other delivery drivers, and they were not paid according to the FLSA.

However, Hoffman must provide some factual basis that potential plaintiffs exists "that are more than mere allegations." Robinson, 254 F.R.D. at 99. The information the Court has been given is merely allegations, and Hoffman has failed to meet her burden to certify the class. Plaintiff should not be permitted to go on a fishing expedition to seek out others who might wish to join.

## CONCLUSION

[¶10] Based on the foregoing, the Plaintiff's Motion to Certify Class For Conditional Certification is **DENIED**.

[¶11]   **IT IS SO ORDERED.**

DATED July 12, 2022.

Daniel M. Traynor, District Judge
United States District Court