IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Ashleigh Hoffman, individually and on behalf of those similarly situated,<br><br>                                       Plaintiff,<br><br>vs.<br><br>Déjà vu Pizza, LLC, d/b/a Papa John's Pizza, Northern Bay Pizza, LLC, Harold Rose, Steve Ritchie, Timothy O'Hern, Sara Lewis, Doe Corporations 1-10, and John Doe 1-10,<br><br>                                       Defendants. | Case No.: 1:22-cv-00006 |

## ORDER DENYING MOTION TO DISMISS

[¶1] THIS MATTER comes before the Court on a Motion to Dismiss filed by Defendants Déjà Vu Pizza, LLC ("Déjà Vu"), Northern Bay Pizza, LLC ("Northern Bay"), and Harold Rose ("Rose") on March 23, 2022. Doc. No. 9. Plaintiff, Ashleigh Hoffman ("Hoffman") filed a Response on April 13, 2022. Doc. No. 23. To date, no Reply has been filed. For the reasons set forth below, the Motion to Dismiss is **DENIED**.

### BACKGROUND

[¶2] On January 14, 2022, Hoffman filed a Complaint against the Defendants. Doc. No. 1. Hoffman notes the Defendants are current or former owners or operators of multiple Papa John's locations in North Dakota and Wisconsin. Id. Hoffman is a resident of Wisconsin. Id. Hoffman states she was an employee of all Defendants. Id. Hoffman alleges she was not adequately reimbursed as a delivery driver for her delivery-related expenses. Id. On this basis, she alleges the Defendants failed to pay delivery drivers the mandated minimum wage as required by the Fair

Labor Standards Act ("FLSA"). Id. Specifically, delivery drivers are required to provide cars, which the drivers are required to maintain and pay for operable, safe, and legally compliant automobiles. Id. Hoffman alleges the Defendants require delivery drivers to incur or pay job-related expenses such as automobile costs and depreciation, gasoline, automobile maintenance, cellphone costs, GPS charges, and other equipment necessary to complete their job. Id. According to Hoffman, the Defendants pay delivery drivers a per-delivery reimbursement payment that is less than the IRS standard business mileage rate. Id. Of particular importance here, Hoffman alleges she was an employee of Déjà Vu, which was owned by Rose. Id. Hoffman alleges four causes of action: failure to pay minimum wages under the Fair Labor Standards Act ("FLSA"), failure to page minimum wages under Wisconsin state law, untimely payment of wages under Wisconsin state law, and unjust enrichment. Id.

[¶3]   On May 16, 2022, a stipulation was adopted dismissing, with prejudice, Defendants Northern Bay, Stevie Ritchie, Timothy O'Hern, and Sara Lewis. Doc. No. 35. Only Defendants Déjà Vu, Rose, Doe Corporations 1-10, and John Doe 1-10, remain. Defendants Déjà vu, Northern Bay, and Rose argue Hoffman has failed to allege a plausible claim in the Complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P. and the Complaint should be dismissed due to a lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Since Defendant Northern Bay has already been dismissed, the Court will only address the Motion to Dismiss as to Déjà Vu and Rose.

## DISCUSSION AND ANALYSIS

### I. Failure to State a Claim

[¶4]   Defendants argue under Federal Rule of Civil Procedure 12(b)(6), the Plaintiff's claims should be dismissed because she has failed to allege a plausible claim. Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a

claim upon which relief can be granted. In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must show that success on the merits is more than a "sheer possibility." Id. A complaint is sufficient if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court must accept all factual allegations as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Id. at 681.

[¶5] Detailed factual allegations are not necessary. Rather, a plaintiff must set forth grounds of its entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders a naked assertion devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (2009). The determination of whether a complaint states a claim upon which relief can be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). Dismissal will not be granted unless it appears beyond doubt the Plaintiffs can prove no set of facts entitling Plaintiffs to relief. Ulrich v. Pop Cnty, 715 F.3d 1054, 1058 (8th Cir. 2013).

[¶6] Defendants have made several arguments that Hoffman has not alleged sufficient facts to state a claim as to a collective action. Since this Court has already denied Hoffman's request to certify the class, the Court will only address the Defendants other arguments. See Doc. No. 38. Defendants argue Hoffman's claims are "bereft of any factual content allowing an inference Hoffman was actually paid less than federal or state minimum wage." Doc. No. 9. Defendants also

claim Hoffman has not identified any dates or time periods she made below minimum wage. Specifically, Defendants argue Hoffman failed to allege her base pay and tips did not meet or exceed the statutory minimum wage. Id. Defendants point out the Complaint states Hoffman was paid by the Defendants "at or close to minimum wage." Id. Doc. No. 1. Defendants also argue they are not required to reimburse the IRS rate for actual expenses so long as employees are adequately reimbursed and paid above minimum wage on a weekly basis.

[¶7] "Close to minimum wage" is not the same as minimum wage. As Defendants note, they are required to reimburse drivers *above* the minimum wage for personal vehicle use. See 19 U.S.C. §778.217 ("Payments made by the employer to cover such expenses are not included in the employee's regular rate"); Perrin v. Papa John's Int'l, Inc., 114 F. Supp. 3d 707, 712 (E.D. Mo. 2015). Hoffman has alleged sufficient facts, when accepted as true, state a claim to relief.

## II. Lack of Personal Jurisdiction

[¶8] Defendants ask this Court to dismiss the claims against them pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. "To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a *prima facie* showing of jurisdiction." Epps v. Stewart Information Services Corp., 327 F.3d 642, 647 (8th Cir. 2003) (citations omitted). "The plaintiff's prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004). "The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." Epps, 327 F.3d at 647.

[¶9]     Under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, a federal district court will have personal jurisdiction to the same extent as a state court of the state in which that federal district court sits.

[¶10]    The jurisdiction of North Dakota courts is governed by the North Dakota long-arm statute set forth in Rule 4(b)(2) of the North Dakota Rules of Civil Procedure.  The North Dakota Supreme Court has held that Rule 4(b)(2) "authorizes North Dakota courts to exercise personal jurisdiction over nonresident defendants to the fullest extent permitted by due process . . . ."  Hansen v. Scott, 2002 ND 101, ¶ 16, 645 N.W.2d 223 (citations omitted).  The Eighth Circuit Court of Appeals has held that when a state construes its long-arm statute to grant jurisdiction to the fullest extent permitted by the Constitution, the two-step test collapses into a single question of whether the exercise of personal jurisdiction comports with due process.  Oriental Trading Co, Inc. v. Firetti, 236 F.3d 938, 943 (8th Cir. 2001); see Hansen v. Scott, 2002 ND 101, ¶ 23, 645 N.W.2d 223.

[¶11]    The Eighth Circuit Court of Appeals has explained the requirements of the due process clause as follows:

> Due process requires that there be sufficient "minimum contacts" between the nonresident defendant and the forum state such that the "maintenance of the suit does not offend the traditional notions of fair play and substantial justice."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980).  Sufficient minimum contacts exist when the "defendant's conduct and connection with the forum state are such that he or she should reasonably anticipate being haled into court there."  Id. at 297.  In assessing the defendant's reasonable anticipation, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  Hanson v. Denkla, 357 U.S. 235, 253 (1958).  The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or a third person.'"  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (citations omitted).  "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State."  Id. (emphasis in original).

Stanton v. St. Jude Medical, Inc., 340 F.3d 690, 693 (8th Cir. 2003).

[¶12]   There are two categories of minimum contacts with a state that may subject a defendant to jurisdiction in that forum - general and specific.  With respect to general jurisdiction over a defendant, "a court may hear a lawsuit against a defendant who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum."  Dever, 380 F.3d at 1073 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984)).  A state has specific jurisdiction over a defendant when the suit arises out of, or is related to, the defendant's contacts with the forum state. Johnson v. Woodcock, 444 F.3d 953, 956 (8th Cir. 2006).

[¶13]   Both categories of minimum contacts require some act by which the defendant purposely avails himself or herself of the privilege of conducting activities within the forum state, and thus invokes the benefits and protections of its laws.  If a court determines that a defendant has minimum contacts with the forum state, the court must then consider "'whether the assertion of personal jurisdiction would comport with fair play and substantial justice.'" Dever, 380 F.3d at 1073 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)).

[¶14]   The Eighth Circuit has established a five-part test for measuring minimum contacts for purposes of asserting personal jurisdiction over a defendant: "(1) the nature and quality of a defendant's contacts with a forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Dever, 380 F.3d at 1073-74 (citations omitted). In determining whether a defendant has sufficient contacts with the forum state to exercise personal jurisdiction, the Court must consider all of the contacts in the aggregate and examine the totality of the circumstances.  Northrup King Co. v. Compania Productora Semillas Algodoneras, S.A., 51

F.3d 1383, 1388 (8th Cir. 1995). The Eighth Circuit affords "significant weight" to the first three factors. Dever, 380 F.3d at 1074.

[¶15] The Court will look to not just the pleadings, but affidavits and exhibits presented with the motion. Dever, 380 F.3d at 1072. Plaintiff is a resident of Wisconsin. Doc. No. 1. Defendant Rose is a resident of North Dakota. Doc. No. 9. Déjà Vu is an LLC, owned by Rose and with a principal place of business in North Dakota. Déjà Vu and Rose ask this Court to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In making this argument, however, Defendants do not allege any facts or law that would permit this Court to dismiss the case. The Defendants only generally state they are seeking to dismiss claims of any "putative collective plaintiffs who did not work in North Dakota." Doc. No. 9-1. The Court has already denied the motion to certify the class and thus it is unnecessary to analyze any jurisdiction over a class.

[¶16] The Court is convinced the State of North Dakota would accept jurisdiction given the facts of this case. The Defendants own and operate stores within North Dakota, and as such there are significant contacts with North Dakota. Through the operation of the store, the Plaintiff alleges she was employed there and was not paid. As such, there is a relation between this cause of action and the Defendants contacts within the state. North Dakota certainly has an interest in providing a forum for citizens who operate businesses here. Having this case in North Dakota is also convenient for the Defendants since their homes and business operations are here. Defendants have purposefully availed themselves of the forum and created a "substantial connection" with North Dakota. Plaintiff bears the burden to make a *prima facie* showing of jurisdiction, and has done so. Considering all of the contacts in the aggregate and examining the totality of the circumstances, there are sufficient minimum contacts between Defendants and the state of North Dakota to exercise jurisdiction.

## **CONCLUSION**

[¶17]   For the reasons explained above, the Motion to Dismiss is **DENIED**.

[¶18]   **IT IS SO ORDERED.**

DATED July 26, 2022.

Daniel M. Traynor, District Judge
United States District Court